UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN WHITE, KAYLA WHITE,
CODY CAMPBELL, and BRAEDIN
CAMPBELL,

        Plaintiffs,

v.

FCA US, LLC and CLARENCE HEATH,

        Defendants.
_____/

Case Number 17-12320
Honorable David M. Lawson

## **STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c) and the stipulation of the parties, the following is **ORDERED**:

1.    This order shall govern the handling of information to be produced during discovery by defendant FCA US, LLC that comprises trade secrets or other confidential research development, or commercial information. As to the handling of such information, the parties agree as follows:

    a.    The producing party shall bear the expense of copying the information;

    b.    The information shall be produced in a legible format or in electronic format at the option of the requesting party;

    c.    The information shall be produced along with a production log

indicating to which discovery request the data is responsive;

d. The information shall be produced with a case designation and Bates number placed on the data in a location that does not cover or mark over any textual material;

e. The information produced shall be stored in a secure fashion to assure compliance with this order.

f. The requesting party may designate a competent person or entity to serve as his or her agent to organize said data and to limit distribution in accordance with this order; and,

g. No party to this action shall seek or request an order to obtain counsel's core work product unless said party has a good faith basis to believe that the information in dispute does not constitute core work product.

h. All data produced under the terms of this order shall be deemed to be authentic under Federal Rule of Evidence 901 if offered against the producing party.

2. The parties agree that all material governed by this order only may be disclosed by the receiving party to any other party in accordance with the restrictions stated below. However, this order does not restrict the use of any materials produced in discovery by any party in connection with any proceeding

before this Court or in support of any papers filed in the public record.

    a.    All materials subject to this order shall be available to counsel for the requesting party to use in any other similar litigation (post-collision fuel fed fire) after first notifying the producing party of the intent to use said data in the particular litigation;

    b.    Such material shall not be produced to any commercial competitor product manufacturer of the party producing the data;

    c.    Any such materials may be disclosed to any governmental agency, which has oversight authority to study public safety issues pertinent to the product at issue. However, at least 10 days before such data is furnished to the relevant governmental agency, the party making such disclosure shall give notice to the party that produced the materials in discovery to allow that party the opportunity to ask the governmental agency to maintain the materials as confidential;

    d.    Such materials may be disclosed to counsel representing any party alleged to have been injured in an accident involving a Jeep Liberty (KJ) or Jeep Grand Cherokee (ZJ and WJ). Such disclosure may be made only after the counsel receiving the materials agrees in writing to be bound by the provisions of this agreement and order;

  e. Such materials may be provided to the Court in connection with any motion, subject to paragraphs 10 and 11 of this order.

  f. The data produced hereto may not otherwise be publicized to any media representative, sold, offered, or advertised.

 3. If the receiving party believes that any materials designated as confidential under this order do not constitute trade secret or other confidential research, development, or commercial information, then the receiving party may, after meeting and conferring with counsel for the producing party to attempt to reach an agreement as to the designation, file a motion to revoke the designation. The producing party shall have the burden of proving the propriety of designating the material as confidential. However, the designated materials shall be handled in accordance with this order until the motion is ruled upon, and thereafter shall be subject to this order if the Court determines that the confidential designation is warranted.

 4. Confidential materials may be disclosed to attorneys or other office personnel, as well as experts, contractors, and consultants working with counsel for the requesting party in the prosecution of the case. In the event that anyone outside the confines of the office of counsel is to receive information covered by this order, they must agree in writing to the terms of this order and to submit to the

jurisdiction of the Eastern District of Michigan for any enforcement action. Counsel for the plaintiffs shall keep a record of all individuals who have received information pursuant to this protective order.

5. Counsel for the requesting party shall assure that anyone working in his or her office on behalf of the requesting party is familiar with the terms of this Agreement and be instructed that they are bound by the order.

6. The inadvertent production of a document or disclosure of information subject to a claim of privilege or of protection as trial preparation material is governed by Federal Rules of Evidence 501 and 502. The parties recognize and will comply with those Rules, as well as Federal Rule of Civil Procedure 26(b)(5)(B) with respect to such claims.

7. At the completion of this litigation, all copies of documents which have been designated as confidential may, at the option of the requesting party, be kept or returned to the producing party. If kept, then they shall continue to be handled according to the terms of this order.

8. This order shall have no effect on the admissibility of any documents or information at trial or their use or relevance in any other proceeding before this Court.

9. The terms of this protective order shall not preclude FCA US, LLC

from providing confidential or protected information and documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with FCA US, LLC's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. § 30101, *et seq*.

10. This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. *See* E.D. Mich. LR 5.3; *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

11. Any party, other than the designating party, that anticipates filing any

material that has been designated as confidential information must provide reasonable notice to the designating party of the proposed filing, so that the designating party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of confidential information under seal, in a good faith attempt to reach an agreement regarding whether the confidential information should be filed under seal. *See* E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph 10 and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the designating party may file a motion in compliance with paragraph 10 and Local Rule 5.3. If the motion is denied, the party may file the material, but not under seal.

Dated: December 12, 2017           s/David M. Lawson
                                                                  DAVID M. LAWSON
                                                                   United States District Judge

Stipulated to by:

| | |
|---|---|
| /s/ Brian T. Keck (w/consent) | /s/ Cheryl A. Bush |
| Courtney E. Morgan, Jr. (P29137) | Cheryl A. Bush (P37031) |
| Brian T. Keck (P77668) | William E. McDonald, III (P76709) |
| MORGAN & MEYERS, PLC | Attorneys for FCA US, LLC |
| Attorneys for Plaintiffs | BUSH SEYFERTH & PAIGE PLLC |
| 3200 Greenfield, Ste. 260 | 3001 W. Big Beaver Rd., Ste. 600 |
| Dearborn, MI 48120 | Troy, MI 48084 |
| (313) 961-0130/(313) 961-8178 fax | (248) 822-7800/(248) 822-7851 fax |
| cmorgan@morganmeyers.com | bush@bsplaw.com |

bkeck@morganmeyers.com                mcdonald@bsplaw.com

/s/John L. Weston (w/consent)
John L. Weston (P55042)
SECREST WARDLE
Attorney for Defendant Heath
2600 Troy Center Dr., P.O. Box 5025
Troy, MI  48007-5025
(248) 851-9500/(248) 251-1808 fax
jweston@secrestwardle.com

## **PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 12, 2017.

                                                                  s/Susan Pinkowski
                                                                  SUSAN PINKOWSKI