UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN WHITE, KAYLA WHITE,
CODY CAMPBELL, and BRAEDEN
CAMPBELL,

       Plaintiffs,                                 Case Number 17-12320

v.                                               Honorable David M. Lawson

FCA US, LLC and CLARENCE HEATH,

       Defendants.

_____/

## ORDER DENYING UNOPPOSED MOTION FOR LEAVE
## TO FILE SETTLEMENT AGREEMENT UNDER SEAL

This matter is before the Court on the plaintiffs' unopposed motion for leave to file under seal copies of a settlement agreement that they have negotiated with defendant FCA US, LLC. The plaintiffs ask the Court to seal the terms of the settlement even though the Court must review and approve those terms to ensure the adequate representation of the interests of various adult beneficiaries of the estates of the decedents. In their briefing on the motion, the parties assert that the terms of the proposed settlement should be maintained in confidence because the beneficiaries are concerned that their "neighbors or others . . . might seek to take advantage of them," and because the defendant desires to maintain in confidence the details of its "case-specific evaluation and decision to resolve this matter." Def.'s Resp., ECF No. 103, PageID.7649. The Court finds that none of the involved parties have articulated any sufficiently compelling interest to justify the closure of court records that they seek, and the motion therefore will be denied.

"The courts have long recognized . . . a 'strong presumption in favor of openness' as to court records," and "[t]he burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th

Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden is a heavy one," and "'[o]nly the most compelling reasons can justify non-disclosure of judicial records.'" *Ibid.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "Moreover, the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Ibid.* Nevertheless, it is well settled that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). When the Court must strike a balance between the public's interest in full disclosure of judicial proceedings and the interests of litigants in keeping information confidential to protect the privacy and the integrity of their affairs, "'the privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Id.* at 308 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

The plaintiffs argue that the terms of the settlements should be sealed to preserve the privacy of the beneficiaries and reduce the likelihood of nefarious results that might obtain if their financial situations were publicized to "neighbors and others." However, the beneficiaries all are adults, and nothing in the parties' submissions suggests that any of them are incapacitated or otherwise unusually vulnerable to undue influence. Of course, "private parties . . . routinely enter into confidential settlement agreements, free from scrutiny or second-guessing by [the] Court or anyone else," and "[c]learly, there is nothing inherently nefarious or improper about a settlement whose terms are confidential [when it is not subject to] judicial or third-party review." *Ciba Specialty Chemicals Corp. v. Tensaw Land & Timber Co.*, 233 F.R.D. 622, 624 (S.D. Ala. 2005). But in this instance the Court is required to intervene in the resolution of the case under the applicable provisions of state law, Mich. Comp. Laws §§ 600.2922, 600.2922a, and to undertake

a fairness review of the settlement terms, to assure the equitable treatment of all non-parties who may have interests in the proceeds of the estates. The plaintiffs have not cited any authority for the proposition that the beneficiaries' mere desire to maintain the privacy of their financial situations comprises a significantly weighty interest that justifies the sealing of information which must be considered by the Court, and the beneficiaries' vaguely articulated fears of revealing details of their financial situations are inadequate to justify sealing because "proponents of closure bear the burden of showing that 'disclosure will work a clearly defined and serious injury[.]'" *Shane Group*, 825 F.3d at 307 (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)). "'In delineating the injury to be prevented, specificity is essential,'" but, as in *Shane*, the movants here "offer[] only platitudes" in their perfunctory briefing in support of the motion to seal. *Ibid.* "'In civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is typically enough to overcome the presumption of access," and the movants have not pointed to any similarly compelling privacy interests that weigh in favor of sealing here. *Ibid.* (quoting *Baxter*, 297 F.3d at 546).

The defendant argues in its response that the disclosure of the settlement terms would reveal its "case-specific evaluation" of the matter and disturb the expectation of the parties that the details of their settlement negotiations would be maintained in confidence. However, the defendant has not cited any authority supporting its position that the disclosure of a party's assessment of the settlement value of a civil lawsuit comprises any species of legitimately "confidential" business information. That valuation certainly does not qualify as any form of "trade secret," as that concept typically is construed by the law. To qualify for protection as a trade secret, "information must (1) derive economic value from the fact that it is not known to

others who could make use of it, and (2) be the subject of efforts that are reasonable under the circumstances to maintain its secrecy." *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 410 (6th Cir. 2006). Here, the defendant has not "even tried to demonstrate that any of the [financial information that it wants to conceal] is comparable to a trade secret." *Shane Group*, 825 F.3d at 308.

The parties' equally vaguely described concerns about compromising the confidentiality of their settlement negotiations also do not supply any sufficient basis for the requested closure of the Court's records, because nothing in the proposed agreement records any communications in furtherance of those negotiations. There is a generally recognized privilege protecting from disclosure "any communications made in furtherance of [a] settlement." *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 983 (6th Cir. 2003). But that privilege does not supply any backup for the notion that the *results* of settlement negotiations, which are the subject of the Court's concern in this instance, categorically ought to be sealed. Federal courts have acknowledged that, "while there is no recognized settlement-negotiations privilege *per se*, there is a policy interest in facilitating and encouraging settlements, an interest which is well-served by preserving the confidentiality of parties' communications during the mediation process." *Franklin United Methodist Home, Inc. v. Lancaster Pollard & Co.*, 909 F. Supp. 2d 1037, 1046 (S.D. Ind. 2012). But the settlement agreements that have been presented to the Court do not contain any verbatim record of the parties' *communications* during their negotiations; instead they only reflect the terms of the consideration that ultimately were agreed upon at the end of those negotiations. The general evidentiary privilege shielding the frank dialogue that may have occurred during the negotiations does not support any rationale for sealing the final terms of a concluded settlement when the parties propose to make their agreement a matter of public record.

- 5 -

Accordingly, it is **ORDERED** that the plaintiffs' unopposed motion to file the settlement agreements under seal (ECF No. 98) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: October 10, 2019

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on October 10, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI